DECISION
Plaintiffs have appealed the real market value (RMV) of their property for the 2007-08 tax year. Defendant notes in its Answer that Plaintiffs did not appeal to the county board of property tax appeals (board) and did "not provide any information that would satisfy the conditions required for correction under ORS 305.288." The court discussed the matter with the parties in a proceeding held August 6, 2008. David Hardy (Hardy) appeared for Plaintiffs and Matt Healy appeared for Defendant.
 I. STATEMENT OF FACTS
The appeal involves Plaintiffs' home, identified in the assessor's records as Account 05010122, for the 2007-08 tax year. Plaintiffs have asked the court to reduce their RMV from $713,272 to $630,000, based on their March 2005 appraisal at $625,000, and their March 2006 purchase for $628,000. In February 2005, Plaintiffs entered into a contract to purchase the home, which was completed in 2006. Plaintiffs attempted to appeal their value to the board, but received a letter from the board clerk dated May 30, 2008, indicating that she was returning their petition because it was filed beyond the December 31, 2007, deadline. Plaintiffs' petition to the board was dated May 21, 2008. *Page 2 
 II. ANALYSIS
Taxpayers unhappy with the value of their property are required to file a petition with the board "during the period following the date the tax statements are mailed for the current tax year and ending December 31." ORS 309.100(2).[1] The board's order may be appealed to the Oregon Tax Court. ORS 309.110(7). Taxpayers have 30 days within which to appeal the board's order. ORS 305.280(4). The appeal to the Tax Court is filed with the Magistrate Division, as provided in ORS 305.275(1), and "is from an order of the board as a result of [an] appeal filed under ORS 309.100[,]" as set forth in ORS 305.275(3).
Plaintiffs' tax year 2007-08 property tax statement was mailed in October 2007. ORS 311.250(1). Plaintiffs had until December 31, 2007, to petition the board. Plaintiffs missed that deadline. In certain limited circumstances, the court can consider an appeal and order a reduction in value where a taxpayer does not timely appeal to the board. Seegenerally ORS 305.288.
One instance in which the court can order a reduction in value, notwithstanding the taxpayer's failure to timely petition the board, is where there is an allegation of an error in the RMV of the property of at least 20 percent. ORS 305.288(1)(b). Plaintiffs in this case have asserted an error in value well below the 20 percent threshold.
The other instance in which the court can order a reduction in value is where the taxpayer has a statutorily satisfactory reason for not timely petitioning the board. The legal requirement, found in subsection (3) of ORS 305.288, is "good and sufficient cause," defined elsewhere in the statute as "an extraordinary circumstance that is beyond the control of the taxpayer." ORS 305.288(5)(b)(A). When asked by the court, Hardy testified that he was unaware of the *Page 3 
December 31 deadline. Paragraph (B) of ORS 305.288(5)(b) provides that good and sufficient cause does not include "lack of knowledge." Accordingly, the court cannot consider further Plaintiffs' appeal.
 III. CONCLUSION
The court concludes that Plaintiffs' appeal must be dismissed because they did not timely appeal to the board, and they have not satisfied the requirements of ORS 305.288. Plaintiffs lack a statutorily sufficient reason for not timely petitioning the board, and they have not alleged an error in value of at least 20 percent. ORS 305.288. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed.
Dated this ____ day of August 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1